OPINION
The defendant-appellant, Eugene C. Bennett ("the appellant"), appeals the judgment of the Hancock County Court of Common Pleas sentencing him to a five-year term of imprisonment for felonious assault. For the following reasons, we affirm the judgment of the trial court.
The facts and procedural history of the case are as follows. On November 21, 1999, the appellant allegedly assaulted his live-in girlfriend, Julia Grose. The following day, Julia's sister, Mary Weyer, and her four-year old grandson, Jordan Brown, visited Julia's home. While the appellant was sleeping in another room, Julia informed Mary that the appellant had regularly abused her and that the injuries she had received the day prior were the result of his abuse. Thereafter, the appellant discovered Mary and Jordan in his home, and ordered them to leave. The appellant allegedly became enraged and threw a Zippo lighter in Julia's direction, striking her in the lip. The appellant threw a second Zippo lighter, this time striking Jordan in the groin. Mary attempted to call the police, but the appellant ripped the telephone line out of the wall. The appellant followed Mary and Jordan out the back door, whereupon he allegedly pushed them down a flight of stairs.
The appellant was subsequently indicted by the Hancock County Grand Jury on one count of felonious assault, in violation of R.C.2903.11(A)(1), a felony of the second degree. On January 13, 2000, the appellant pleaded guilty to the charge. The trial court accepted the appellant's guilty plea and found him guilty of the offense. The trial court ordered a presentence investigation and set a sentencing date for January 26, 2000. At the sentencing hearing, the trial court sentenced the appellant to a five-year term of imprisonment.
The appellant now appeals, asserting the following two assignments of error which, for purposes of clarity and brevity, we will address simultaneously.
 ASSIGNMENT OF ERROR NO. I The lower court erred at sentencing when it failed to consider the victim's statement indicating that the appellant should receive probation and made factual findings which were not supported by the record under R.C. 2929.12(D).
 ASSIGNMENT OF ERROR NO. II The lower court erred when it failed to consider at a sentencing hearing mitigating factors and factors which made recidivism less likely under R.C. 2929.12(E), thereby depriving appellant of due process of law as guaranteed by the Ohio law and federal constitution.
 In his first and second assignments of error, the appellant maintains that the trial court erred in the sentencing phase of his trial. For the following reasons, we find no merit to the appellant's arguments and affirm the judgment of the trial court.
Initially, we note that R.C. 2953.08(G)(1) allows a reviewing court to vacate a sentence and remand it to the trial court for resentencing if the appellate court finds, by clear and convincing evidence, the following: "(a) the record does not support the sentence; * * * [or] (d) [t]hat the sentence is otherwise contrary to law."
Senate Bill 2 requires a court that sentences a felony offender to be guided by the overriding purposes of felony sentencing, which are protecting the public from future crime and punishing the offender. R.C. 2929.11(A). Additionally, the court must impose a sentence "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B). Unless a mandatory prison term is required, the court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). However, in doing so, the court must consider the factors set forth in subdivisions (B), (C), (D), and (E) of R.C. 2929.12. Id. These factors relate to the seriousness of the conduct of the offender and the likelihood that the offender will commit future crimes. Id. The sentencing court may consider additional factors that it finds relevant to achieving the R.C.2929.11 purposes and principles of sentencing. Id.
After performing the seriousness and recidivism analysis required by R.C. 2929.12, the trial court is guided by R.C.2929.13 in determining the sanction or combination of sanctions to impose on the felony offender. R.C. 2929.13(D) provides, as follows:
 (D) Except as provided in division (E) or (F) of this section, for a felony of the first or second degree * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree * * * if it makes both of the following findings:
 (1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 (2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.
In his brief, the appellant advances numerous alleged errors for our review. Initially, the appellant argues that, at the sentencing hearing, the trial court erred in finding that he had shown no remorse for his conduct, a factor indicating that an offender is likely to commit future crimes. See R.C.2929.12(D)(5). The appellant also contends that the trial court erred in neglecting to find that he had shown remorse for his conduct, a factor indicating that the offender is not likely to commit future crimes. See R.C. 2929.12(E)(5).
It is well established that a trial court is in the best position to address the sincerity and genuineness of a defendant's statement at the sentencing hearing. See State v. Sims (Dec. 9, 1998), Summit App. No. 19018, unreported, citing State v. Howard
(Sept. 11, 1998), Hamilton App. No. C-971049, unreported. A review of the transcript of the sentencing hearing in this case reveals that the appellant stated on the record that he had merely acted wrongly. The trial judge then stated on the record that the appellant had shown no remorse until the day of the sentencing hearing, and that he had been less than candid about the incident leading to his arrest and conviction.
Because the trial court was in a better position to observe the appellant's demeanor and sincerity in this case, we cannot say that the trial court erred in finding that the appellant did not exhibit genuine remorse for his conduct, a factor indicating that the appellant is likely to commit future crimes, or that the trial court erred in failing to consider his remorse, a factor indicating that the appellant is not likely to commit future crimes.
The appellant next argues that the trial court erred in finding that he had failed to acknowledge a pattern of alcohol and substance abuse. At the hearing, the appellant stated that he had acted wrongly and that, given the chance, he could overcome his substance problem. The appellant also stated that his drug habit had made him violent, and that he had been seeking professional help for his addiction. Again, this Court is not in the best position to address the sincerity and genuineness of the appellant's statement. Therefore, we cannot say that the trial court erred in finding that the appellant had failed to acknowledge a pattern of alcohol and substance abuse.
The appellant further maintains that the trial court erred in failing to consider Julia Grose's recommendation that he should not be incarcerated for his offense. In her victim impact statement, Julia Grose had asked the court not to impose a term of imprisonment upon the appellant.
Pursuant to R.C. 2929.19(B)(1), at the sentencing hearing and prior to imposing sentence, the trial court is required to consider any victim impact statement made under R.C. 2947.051. The statute, however, does not require the trial court to ascribe any weight to the victim's statement. See, e.g., State v. Puckett
(Mar. 27, 1999), Greene App. No. 97-CA-43, unreported. Moreover, a review of the transcript of the sentencing hearing reveals that the trial court did consider the victim impact statement prior to sentencing the appellant to a five-year term of imprisonment. Therefore, we find no error in the trial court's decision not to ascribe weight to Julia Grose's statement.
In his final argument, the appellant contends that, pursuant to R.C. 2929.12(C), Julia Grose's statement that he should not serve a term of imprisonment should have tended to show that his conduct was less serious than conduct normally constituting the offense. We find no merit to this argument because Julia Grose's statement had no relevance to this issue; that is, whether the appellant's conduct was less serious than conduct normally constituting the offense.
In conclusion, we find that the record reflects that the trial court complied with the requirements of R.C. Chapter 2929 prior to imposing a five-year term of imprisonment for a second degree felony offense. The record in this case reflects that the trial court properly considered the seriousness and recidivism factors of R.C. 2929.12. Furthermore, the trial court complied with the procedural requirements set forth in R.C. 2929.19.
Accordingly, the appellant's first and second assignments of error are not well-taken and are overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
WALTERS and SHAW, JJ., concur.